```
           UNITED STATES DISTRICT COURT
              DISTRICT OF MINNESOTA
          Criminal No. 15-190(3)(DSD/LIB)
```

United States of America,

       Plaintiff,

v.                                                    **ORDER**

Sandra Lee Bart,

       Defendant.


    Manda M. Sertich and David Michael Maria, United States Attorney's Office, 300 South 4th Street, Suite 600, Minneapolis, MN 55415, counsel for plaintiff.

    Piper Kenney Wold, Esq. and Piper L. Kenney PLLC, 510 1st Avenue North, Suite 610, Minneapolis, MN 55403, counsel for defendant.


This matter is before the court upon the motion for a new trial by defendant Sandra Lee Bart. Based on a review of the file, record, and proceedings herein, the court denies the motion.


### BACKGROUND

This motion arises out of Bart's claim of potential juror misconduct. Bart was indicted on charges of conspiracy to commit visa fraud, conspiracy to commit fraud in foreign labor contracting, and conspiracy to commit mail and wire fraud. The trial commenced on August 1, 2016, and from the outset, the court repeatedly admonished the jurors not to discuss the case among themselves until instructed to do so. On August 4, after the close

of evidence but before closing arguments and final instructions by the court, an Assistant United States Attorney not connected with the case rode in an elevator with three of the jurors - one female and two males. When the AUSA exited the elevator, she overheard one of the male jurors say the word "guilty." She did not hear any other words, nor was she privy to the context in which the word was uttered. She notified the AUSAs prosecuting the case of the incident and they, in turn, notified defense counsel and the court.

On August 8, defense counsel requested that the court question each of the jurors involved in the incident[1] to determine exactly what was said and whether any of them had reached a decision before being instructed on the law. The court declined to interview the jurors, but issued the following curative instruction:

> It has come to the court's attention that some of the jurors may have been discussing the case last Thursday after the close of evidence. As I have instructed you throughout this case, you are not to discuss the case with anyone, including your fellow jurors, until the case has concluded and you have been instructed as to the law. I trust that you have followed that instruction and will continue to do so until you begin your deliberations.

The parties then proceeded with closing arguments followed by the court's instructions as to the law. Later the same day, the jury returned a verdict of guilty on all charges. Bart now moves for a new trial.

---

[1] Based on the description provided by the AUSA, the parties believe they know the identities of the jurors involved. One of the male jurors was dismissed from the jury before deliberations for health reasons. The other male juror served as the foreperson.

## DISCUSSION

On the motion of a defendant, "the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Cr. P. 33(a). The court has broad discretion to grant a new trial, but should do so "only sparingly and with caution." United States v. Dodd, 391 F.3d 930, 934 (8th Cir. 2004). The court also has "broad discretion in handling allegations of juror misconduct." United States v. Williams, 77 F.3d 1098, 1100 (8th Cir. 1996).

Bart argues that she is entitled to a new trial because the court erred denying her request to interview the three jurors to determine whether they engaged in premature deliberations. Even assuming the jurors discussed their views on Bart's guilt or innocence on the elevator, a new trial is not warranted.

The court's prior determination that no further inquiry was required under the circumstances is consistent with the law. The Eighth Circuit Court of Appeals has determined that a trial court does not abuse its discretion in failing to interview jurors about intrajury communications before final instructions where there are no allegations of external influence. See United States v. Caldwell, 83 F.3d 954, 956 (8th Cir. 1996) (holding that the trial court's refusal to conduct further inquiry into allegations of premature deliberations among certain members of the jury was not an abuse of discretion); see also United States v. Gianakos, 415

3

F.3d 912, 921-22 (8th Cir. 2005) (concluding that "when there are premature deliberations among jurors with no allegations of external influence on the jury, the proper process for jury decision making has been violated, but there is no reason to doubt that the jury based its ultimate decision only on evidence formally presented at trial"); Robles-Garcia v. United States, Nos. 13-4031, 10-4011, 2013 WL 5596919, at *8 (N.D. Iowa Oct. 11, 2013) ("[W]hile it is true that jurors should clearly abstain from communicating to one another about a case before they have been instructed to begin deliberations by the trial court, when there are premature deliberations among jurors with no allegations of external influence on the jury, there is no reason to doubt that the jury based its ultimate decision only on evidence formally presented at trial."). Bart's motion is therefore denied.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that the motion for a new trial [ECF No. 170] is denied.

Dated: September 14, 2016

                                               s/David S. Doty
                                               David S. Doty, Judge
                                               United States District Court