UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 15-190(3) (DSD/LIB)

United States of America,

        Plaintiff,

v.                                        **ORDER**

Sandra Lee Bart,

        Defendant.

This matter is before the court upon defendant Sandra Lee Bart's pro se motion to vacate and set aside her judgment and sentence under Federal Rule of Civil Procedure 60(d)(3) and the government's motion for preliminary order of forfeiture for substitute property. Based upon a review of the file, record, and proceedings herein, and for the following reasons, the court denies Bart's motion and grants the government's motion.

**BACKGROUND**

On August 8, 2016, a jury convicted Bart of conspiracy to commit visa fraud, in violation of 18 U.S.C. § 371; conspiracy to commit fraud in foreign labor contracting, in violation of 18 U.S.C. § 1349; and conspiracy to commit wire or mail fraud, in violation of 18 U.S.C. § 1349. The court sentenced her to 60 months' imprisonment for each count to be served concurrently and to be followed by two years' supervised release. Bart appealed

her conviction and the Eighth Circuit Court of Appeals affirmed. See United States v. Bart, 888 F.3d 374 (8th Cir. 2018). Bart thereafter filed a petition for certiorari with the United States Supreme Court, which was denied on October 1, 2018. Bart v. United States, 139 S. Ct. 266 (2018). The Supreme Court denied her subsequent request for rehearing on November 19, 2018. 139 S. Ct. 588 (2018). Bart timely a motion under 28 U.S.C. § 225, which the court denied. ECF No. 379. Bart was released from imprisonment on June 3, 2021. Post-release she brought an unsuccessful motion to set aside a U.S. Treasury offset and the instant motion for relief from judgment. See ECF No. 404. In the discussion, the court will refer only to the facts necessary to rule on the pending motions. The broader factual background can be found in the court's previous orders.

## DISCUSSION

**I.   Bart's Motion**

Rule 60(d)(3) authorizes the court to set aside a judgment for "a fraud on the court." "Fraud on the court, though not easily defined, can be characterized as a scheme to interfere with the judicial machinery performing the task of impartial adjudication, as by preventing the opposing party from fairly presenting his case or defense." Landscape Props., Inc. v. Vogel, 46 F.3d 1416,

2

1422 (8th Cir. 1995) (citation and quotation omitted).  A finding of fraud on the court "is justified only by the most egregious misconduct directed to the court itself, such as bribery of a judge or jury or fabrication of evidence by counsel...." United States v. Smiley, 553 F.3d 1137, 1145 (8th Cir. 2009).  Nothing even approaching this standard occurred here.

Bart's motion is premised on the theory that her trial counsel committed a fraud on the court, and deprived here of a fair trial, by redacting certain government evidence before showing it to Bart. The court has reviewed the documents at issue and it appears that most, if not all, of the redactions include names and other identifying and sensitive information.  See ECF 407-1.  As the government notes, this information was subject to a protective order and permitted to be redacted by defense counsel before showing it to Bart.  See ECF No. 17.  Bart did not challenge the protective order or seek judicial exception to its requirements. Under these circumstances, the court cannot conclude that there was fraud on the court or that Bart was somehow prevented from fully and fairly defending herself at trial.  The motion must be denied.

**II. The Government's Motion**

The government moves for the forfeiture of a substitute asset under 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

3

The court entered a forfeiture money judgment against Bart in January 2017. ECF No. 224. The government has been unable to collect the full amount due under that order. As such, the court may order the forfeiture of substitute assets in satisfaction of the money judgment – in this instance $1,323.02. <u>United States v. Smith</u>, 656 F.3d 821, 827 (8th Cir. 2011). Bart objects to the government's motion but provides no persuasive arguments in support of her position. The court therefore grants the motion.

**CONCLUSION**

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1.  The motion to vacate and set aside judgment and sentence [ECF No. 407] is denied;

2.  The motion for preliminary order of forfeiture for substitute property [ECF No. 410] is granted;

3.  Defendant is ordered to forfeit to the United States $1,323.02 of funds captured by Treasury Offset Program between August 2023 and February 7, 2024 (the Property), pursuant to 18 U.S.C. § 981(a)(1)(C), 18 U.S.C. § 982(a)(6), 28 U.S.C. § 2461(c), and 21 U.S.C. § 853(p), as substitute property to be applied to the forfeiture money judgment imposed against defendant;

4.  The United States shall, pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 18 U.S.C. § 982(b) and 28 U.S.C.

4

§ 2461(c), publish and give notice of this order and its intent to dispose of the Property in such manner as the Attorney General may direct;

5. Following the court's disposition of all petitions filed pursuant to 21 U.S.C. § 853(n)(2) or, if no petitions are filed, following the expiration of the time period specified within which to file such petitions, the United States shall have clear title to the Property; and

6. The court shall retain jurisdiction to enforce this Order, and to amend it as necessary pursuant to Fed. R. Crim. P. 32.2(e).

Dated: March 19, 2024

s/David S. Doty
David S. Doty, Judge
United States District Court